[No. B084857. Second Dist., Div. Four. Feb. 22, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES NORMAN MARTIN, Defendant and Respondent.

658

## COUNSEL

Gil Garcetti, District Attorney, Brent Riggs and Diana L. Summerhayes, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Kelly Emling and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**EPSTEIN, J.**—In this case we conclude that a defendant who has suffered a previous conviction for a serious or violent felony and who is convicted of two current felonies must be sentenced consecutively for the current felonies, and that the sentence for each determinate term must be doubled.

### FACTUAL AND PROCEDURAL SUMMARY

This case arises under the "Three Strikes" statute, chapter 12 of the Statutes of 1994. The statute was adopted as an urgency measure, effective March 7, 1994. It makes major changes to Penal Code section 667,[1] adding subdivisions (b) through (i) relating to increased punishment for recidivists who suffered one or more previous convictions for a serious or violent felony. A "serious felony" is one that is so defined in section 1192.7, subdivision (c); a "violent felony" is a crime defined as such in section 667.5, subdivision (c). (See § 667, subd. (d)(1).)[2]

The respondent, James Norman Martin, was charged with two counts of petty theft with a prior conviction for the same offense. The prior conviction was a basis to elevate the current crimes to felonies. (§ 666.) Count 1 alleged a shoplifting offense on March 23, 1994, at a J. C. Penney store. Count 2 alleged another shoplifting offense, at a Montgomery Ward store on April 11, 1994. Besides the allegation of a prior petty theft conviction, the information also alleged that respondent had been convicted of residential burglary (§ 459), transportation of narcotics (Health & Saf. Code, § 11352), and another section 666 offense. The residential burglary is a "serious felony" within the statutory definition. (§ 1192.7, subd. (c)(18).) The information also alleged that respondent had suffered three prior prison terms, subjecting him to sentence enhancement pursuant to section 667.5, subdivision (b). The residential burglary conviction triggered application of the "Three Strikes" statute. (§ 667, subd. (d)(1).)

When the case was called for preliminary hearing, the magistrate (a superior court judge) asked the prosecutor and defense counsel to calculate the possible sentences that might be imposed. The prosecutor concluded that the minimum term (without striking any allegation) was five years, computed as follows: sixteen months as the low term for one of the current

---

[1]All code citations are to the Penal Code unless otherwise indicated.

[2]Section 1170.12, enacted by the Proposition 184 initiative and effective November 9, 1994, parallels section 667. While the section number and subdivision lettering are different, the substantive provisions of each law are the same insofar as the issues in this case are concerned. We apply section 667 since it was the operative law when the crimes charged in this case were committed.

counts, doubled to yield thirty-two months; plus eight months as one-third the middle term for the subordinate count, doubled to yield sixteen months; plus one year for a prior prison term. Defense counsel agreed with this calculation, except for doubling of the subordinate term. She argued that only the principal term should be doubled. The result according to her calculations was a 40-month minimum term, without regard to the section 667.5 prior prison term enhancement.

The judge agreed with defense counsel that it was not proper to double the subordinate term. He also decided to strike the prior prison term enhancement allegations if respondent pled guilty to the current charges and admitted the prior residential burglary conviction. The result, under the court's calculations, was a 40-month term made up of 32 months for one of the current counts (the 16-month low term, doubled) plus 8 months for the subordinate term. Respondent agreed to the indicated disposition; he pled guilty to the current charges and admitted the prior conviction allegations. He asked to be sentenced immediately and the bench officer, now acting in his capacity as a superior court judge, imposed sentence as he had indicated he would do.

The prosecutor objected to the court's failure to double the subordinate term, and has filed a timely notice of appeal.[3]

### DISCUSSION

### I

■ We are met at the outset by respondent's argument that the court was not required to sentence consecutively for the two current felonies and, since it erroneously thought it had no discretion to exercise in that regard, we should remand the case for resentencing. Respondent argues that if we accept that position, it is not necessary to reach the prosecutor's contention about doubling the subordinate term. Instead, the argument runs, there would be no subordinate term unless, on remand, the trial court should exercise its discretion to impose one.

Because respondent did not appeal, there is a substantial question whether we could afford the relief he seeks on appeal. Nevertheless, since the issue impinges on the issue raised by the People, and to forestall a subsequent claim of ineffectiveness of counsel (see *People* v. *Cox* (1991) 53 Cal.3d 618, 682 [280 Cal.Rptr. 692, 809 P.2d 351]), we shall address the issue on its merits.

---

[3]The People's appeal lies. (§ 1238, subd. (a)(10).)

We begin with the words of the statute. Section 667, subdivision (c) provides that, "[n]otwithstanding any other law," if a defendant has been convicted of a prior serious or violent felony the court shall "adhere to . . . the following" in sentencing:

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)." (Subd. (e) is the principal provision specifying sentence terms for defendants subject to the new statute.)

The language of section 667, subdivision (c)(6) is entirely clear: a defendant who is in the "strike zone" by reason of a prior serious or violent felony conviction, and who suffers two or more nonserious/violent felonies, must be sentenced consecutively for the new crimes.[4] It is difficult to understand how the Legislature could have intended anything else by these words. "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].)

Nevertheless, respondent tries to construct a theory under which an ambiguity may be found, and then to invoke the rule that any doubt about the meaning of a criminal statute must be resolved in favor of the defendant. (See, e.g., *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1]; but see § 4 [" 'The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice' "]; *People* v. *Anderson* (1987) 43 Cal.3d 1104, 1145 [240 Cal.Rptr. 585, 742 P.2d 1306] [canon that ambiguities be resolved in favor of defendant "entitles the defendant only to the benefit of every *realistic* doubt" and is not a command to override common sense and evident statutory purpose].)

His argument is difficult to follow. He seems to pursue the following reasoning: (1) section 667, subdivision (c)(7) and (c)(8), as well as subdivision (e)(2)(B),[5] each concerns consecutive sentencing; (2) the first two are qualified by the phrase "unless otherwise provided by law" and the last by

---

[4]The case of multiple current felonies at least one of which is a serious or violent felony is covered by section 667, subdivision (c)(7).

[5]Section 667 provides in pertinent part: "(c)(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law. [¶] (c)(8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other

the phrase, "imposed by law"; (3) each concerns persons more culpable than persons in respondent's category, which is subdivision (c)(6); (4) we therefore should read a similar qualification into subdivision (c)(6) even though the Legislature has not provided one. Respondent goes on to argue that the qualification must go beyond the multiple punishment prohibition of section 654 because if it does not it would be superfluous, and he invokes the rule against construing statutory provisions as superfluous. (See, e.g., *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 72 [159 Cal.Rptr. 894].)

Where that takes us is not clear. Respondent's briefing never quite tells us just what section 667, subdivision (c)(6) would effect, if not mandatory consecutive sentencing for affected recidivists. Without a purpose, his argument is itself superfluous.

At oral argument, respondent's counsel informed us that his comparative analysis was included to buttress the "same set of operative facts" prong of the built-in exception to section 667, subdivision (c)(6). We turn next to his argument about that provision.

We already have seen that section 667, subdivision (c)(6) does not require consecutive sentencing if the current felonies are committed on the same occasion or arise out of the same set of operative facts. Respondent concedes, as he must, that the same occasion prong does not apply in this case, since respondent committed separate shoplifts at separate stores on separate dates. That leaves the "same set of operative facts" prong. Respondent argues it applies because the same prior theft conviction was used to elevate both current crimes to felonies.

While the term "operative facts" has not always been used in precisely the same way (see, e.g., *People* v. *McGaughran* (1979) 25 Cal.3d 577, 581 [159 Cal.Rptr. 191, 601 P.2d 207] [circumstance of detention in context of section 1538.5 suppression motion]; *People* v. *Sully* (1991) 53 Cal.3d 1195, 1225 [283 Cal.Rptr. 144, 812 P.2d 163] [need to recite "operative facts or the appropriate legal factors" for Evidence Code section 352 ruling]; *People* v. *Sidener* (1962) 58 Cal.2d 645, 650 [25 Cal.Rptr. 697, 375 P.2d 641] [overruled on another ground in *People* v. *Tenorio* (1970) 3 Cal.3d 89, 91 (89 Cal.Rptr. 249, 473 P.2d 993)] [prior conviction as "operative facts" for purposes of punishment]), we believe that in section 667, subdivision (c)(6)

---

sentence which the defendant is already serving, unless otherwise provided by law. [¶] (e)(2)(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

it relates to the facts underlying the current charged offenses. The circumstance that a defendant has suffered a prior conviction, pleaded to elevate the current theft offense to a felony, is a sentencing factor. It is not an element of the current crimes. (*People* v. *Bouzas* (1991) 53 Cal.3d 467, 471, 478 [279 Cal.Rptr. 847, 807 P.2d 1076].)

The prior theft convictions (there were several in this case, including one under section 666) established respondent's status as a prior offender, subject to felony punishment upon conviction of another theft. (*People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633].) Since the prior theft convictions go to respondent's status, there is no reason why a single such prior cannot be used to elevate a series of subsequent petty thefts to felonies, so long as each is committed on a separate occasion. (Cf. *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] [in adopting Proposition 8 in 1982, voters did not intend to allow use of same prior conviction and incarceration to impose both section 667 and 667.5, subd. (b) enhancements]; *People* v. *Rodriguez, supra* [prior petty theft may be used to elevate current theft to felony under § 666 and for § 667.5, subd. (b) enhancement, an issue now under review by the Supreme Court in *People* v. *Coronado* (1994) 33 Cal.App.4th 908 [34 Cal.Rptr.2d 315] review granted Dec. 22, 1994] (S043032).) There is no indication in the statute of an intention to change the former law in this regard. A construction that would do so would weaken the existing rules on recidivism and run directly counter to the explicit legislative purpose "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).)

■ The "same set of operative facts" provision in subdivision section 667, subdivision (c)(6) serves an important function, one that is readily apparent. It applies the principle of section 654 to multiple current crimes. Without it a strong argument could be made that the statute allows a person whose single act violates more than one penal law to be punished for each law the person violated. The basis of that construction would have been the "notwithstanding any other law" provision that introduces the whole of section 667, subdivision (c). The most obvious "other law" addressed in this context is section 654. The "same set of operative facts" clause in section 667, subdivision (c)(6) applies this important feature of section 654, and avoids overly harsh results and possible constitutional issues that would arise without it.

We conclude that the trial court was correct in deciding it was compelled to sentence consecutively for the two current felonies.

## II

That takes us to appellant's principal contention: that the trial court was required to double the subordinate term. We begin our review with the new statute in its statutory and regulatory context as part of the determinate sentencing law.

### A

Section 667, subdivision (e)(1) provides that where a defendant has suffered a single serious or violent felony prior conviction that has been pled and proved, "the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

In this case, both sides agree that the one-third the midterm rule of section 1170.1, subdivision (a) is applicable to reduce the subordinate term. (The five-year cap in that subdivision for nonviolent felony subordinate terms, and the "double the base term" limitation for most felonies, in section 1170.1, subdivision (g)(1) were abrogated for "Three Strikes" cases by subdivision (c)(1) of the new statute (§ 667).) Nor is it disputed that a qualifying serious felony prior conviction was pled in this case, and proven by respondent's admission. The only issue with respect to the subordinate term is whether it must be doubled.

We have observed that statutes are to be construed in the context of the legislative system they affect. That system includes the existing regulatory scheme, unless the statute presents a clear conflict. Thus, the Legislature is deemed to be aware of Judicial Council rules on sentencing, and to have acted in contemplation that those rules would apply to the new statute. (See *People* v. *Hall* (1994) 8 Cal.4th 950, 961 [35 Cal.Rptr.2d 432, 883 P.2d 974].) There is a body of pertinent statutory and regulatory material in this case.

The basic provision of the determinate sentencing law applicable to multiple felony sentencing, section 1170.1, subdivision (a), refers to an "aggregate" term made up of the "principal term," the "subordinate term," and specified enhancements (one of which is "Section 667"). Section 1170.1, subdivision (g)(1) limits the total term of imprisonment (the aggregate term)

to twice the "base term" imposed under section 1170, subdivision (b) for nonviolent felonies.[6]

Section 1170, subdivision (b) does not use the phrase "base term." It refers, instead, to the system of three possible terms (middle, aggravated, and mitigated).

Section 1170.3, and the Constitution (art. VI, § 6) authorize the Judicial Council to promulgate rules for application of the determinate sentencing law. One of the initial set of rules adopted under that authority defines "base term" as "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed." (Cal. Rules of Court, rule 405(b).)

The definitional provision of the statute and regulation does not distinguish between different kinds of determinate terms. The "determinate term" includes both the principal term and any subordinate terms. It refers to punishment for a prescribed, definite term of years, and is used in opposition to "indeterminate term," a term for which a minimum but no maximum period (other than life) of imprisonment is prescribed. The determinate sentencing law does limit the amount of incarceration that may be imposed for subordinate terms. But these limitations—many of which are abrogated for sentencing under the "Three Strikes" statute—occur in other provisions.

 Given the existing statutory and regulatory scheme of which the "Three Strikes" statute is a part, it is reasonable to conclude that if the Legislature had intended to bar doubling the subordinate term, it would have said so by limiting the doubling effect of section 667, subdivision (e)(1) to the "principal term."

## B

It is only the determinate term (and minimum sentence for an indeterminate term) that may be doubled, since that is what is "provided as punishment for the current felony conviction." The law does not allow doubling an enhancement—described as an "additional term" in section 1170, subdivision (a). Respondent argues that the second section 666 violation in this case is an enhancement. If it is, respondent is correct in his contention that it may not be doubled. But it is not an enhancement.

 An "enhancement" is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 405(c).) The leading case distinguishing enhancements from the prescribed punishment for a crime is *People*

---

[6]As we have pointed out, this limitation does not apply to "Three Strikes" sentencing. We discuss it because of the terminology it employs.

v. *Hernandez* (1988) 46 Cal.3d 194 [249 Cal.Rptr. 850, 757 P.2d 1013]. In *Hernandez*, our Supreme Court observed that "an enhancement 'means an additional term of imprisonment added to the base term.' " In contrast, a separate offense base term "involve[s] . . . a choice among three possible terms prescribed by statute." (*Id.* at p. 207.) Although the Legislature has departed from its original practice of providing only a single, specified term for an enhancement, and now sets out a range in an increasing number of sentencing statutes (see *People* v. *Hall, supra,* 8 Cal.4th at p. 958), an enhancement is still characterized by a "focus on an element of the commission of the crime or the criminal history of the defendant which is not present for all such crimes and perpetrators and which justifies a higher penalty than that prescribed for the offenses themselves. That is one of the very purposes of an enhancement existence." (*People* v. *Hernandez, supra,* 46 Cal.3d at pp. 207-208; *People* v. *Rayford* (1994) 9 Cal.4th 1, 9 [36 Cal.Rptr.2d 317, 884 P.2d 1369].) It is distinguished from the term prescribed for the underlying crime itself. Thus, in *Hernandez,* the court held that section 667.8 is an enhancement statute because it provides an additional term for persons convicted of a felony violation of various sexual offenses who commit a section 207 kidnapping. And in *Rayford,* the court held that section 208, subdivision (d), which prescribes a greater term in cases of kidnapping for rape than for other kidnapping, is not an enhancement statute.

■ Section 667, subdivision (e)(1) does not provide for any kind of "added term." Instead, it defines the term for the crime itself, supplanting the term that would apply but for the prior serious or violent felony.

This distinction and its application are well illustrated by *People* v. *Decker* (1988) 199 Cal.App.3d 694 [245 Cal.Rptr. 40], which construed the punishment provision of section 667.51.

Subdivision (a) of section 667.51 provided that anyone convicted of violating section 288 "shall receive a five-year enhancement for a prior conviction" of a specified offense (subject to a 10-year-washout period). Former section 667.51, subdivision (c) (now subdivision (d)) provided that a violation of section 288 "by a person who has served two or more prior prison terms as defined in Section 667.5 . . . is punishable as a felony by imprisonment in the state prison for 15 years to life. . . ." The court held that section 667.51, subdivision (a) provided for an enhancement, while subdivision (c) did not. The latter provision defined the term for a section 288 violation for cases in which the conditions of the subdivision are satisfied. (*People* v. *Decker, supra,* 199 Cal.App.3d at p. 697.) *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 466 [280 Cal.Rptr. 175] is to the same

effect. One of the issues in that case was whether section 667.7 is an enhancement statute. The statute prescribes the punishment for persons who commit a felony in which great bodily injury is inflicted or force and violence are used, and who have served two or more prior prison terms for specified crimes. The punishment is greater than that imposed without these aggravating features. The *Skeirik* court held the statute defined the penalty for the current felony, and was not an enhancement: it "speaks not of enhancement but of a separate term for recidivist conduct."[7]

Respondent points to the fact that section 667, subdivision (e)(1) is stated in the singular, while subdivision (e)(2)(A)(i) specifies a tripling of "each current felony conviction." He reasons this demonstrates a legislative purpose to allow the term of only one of multiple current felonies to be doubled. The short answer to this argument is that in the Penal Code (as in other codes) "the singular number includes the plural." (§ 7.) Beyond that, the phrasing of subdivision (e)(2)(A)(i) appears to be based on a proper grammatical use of language rather than an intent to distinguish between multiple current felonies and a single current felony.

Finally, respondent argues that since section 1170.1, subdivision (a) includes section 667 within its listing of enhancement laws, all of section 667 must be an enhancement law. Section 667 was added to the section 1170.1, subdivision (a) listing when it was only an enhancement. The 1994 statute reformed the section so that the serious felony enhancement is continued in section 667, subdivision (a), and the new "Three Strikes" law is set out in the remaining subdivisions. Section 1170.1, subdivision (a) was not amended by the "Three Strikes" law. Reconciling the two statutes to give full effect to each, we construe the reference to section 667 in section 1170.1, subdivision (a) to refer to the enhancement portion of section 667 (now in section 667, subdivision (a)). It would be a perverse reading of the law to conclude that by not amending section 1170.1, subdivision (a) the Legislature intended the reference to section 667 in that provision to characterize the entire new statute as an enhancement.

## C

We conclude that the trial court erred in failing to double the subordinate term. Since respondent's plea was premised on a sentence that did not double the subordinate term, he is entitled to withdraw it and to have his earlier plea of not guilty and denial of the priors reinstated.

---

[7]Since we conclude that section 667, subdivision (e)(1) does not provide for an enhancement we do not reach the question whether section 654 applies to enhancements—an issue the Supreme Court has noted but has not decided. (See *People* v. *Jones, supra,* 5 Cal.4th at p. 1152.)

## III

As we have discussed, the trial court struck the section 667.5 prior conviction allegations for purposes of sentencing. Appellant concedes the court probably was vested with discretion to do so, but it faults the court for failing to state a reason for its action.

Section 1170.1, subdivision (h) allows a trial court to strike specified enhancements, including those charged under section 667.5, "[n]otwithstanding any other law . . . if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." There is nothing in the "Three Strikes" law or any other called to our attention that prohibits a trial court from striking this enhancement, so long as it does so pursuant to section 1170.1, subdivision (h). The requirement of a statement of reasons is amplified in California Rules of Court, rule 406(a), which provides: "If the sentencing judge is required to give reasons for a sentence choice, the judge shall state in simple language the primary factor or factors that support the exercise of discretion or, if applicable, state that the judge has no discretion. The statement need not be in the language of these rules. It shall be delivered orally on the record."

The trial judge did deliver a statement in this case. It was oral, on the record, and in simple language. It was that the section 667.5, subdivision (b) enhancements were stricken "in view of the 40-month sentence." We believe this is sufficient to convey the judge's view that the 40-month punishment being imposed was sufficient under the circumstances of the case.

Speaking to a trial court's exercise of discretion in striking a prior, the Supreme Court has stated that "[w]here, as here, a discretionary power is inherently or by express statute vested in the trial judge his or her exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People* v. *Jordan* (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79].)

No such abuse is shown in this case.

## IV

Appellant's final argument challenges the trial court's failure to state a reason for imposing a mitigated sentence for the principal term. The selection of the mitigated term was made in the context of a plea bargain: the

trial court indicated the sentence it would impose if respondent pled guilty to the current crimes and admitted the prior conviction alleged in the information. He did so, and received the sentence the court had indicated. A statement of reasons is not required in that situation. (Cal. Rules of Court, rule 412(a).[8]

## DISPOSITION

The judgment is reversed. Respondent shall have 30 days after issuance of the remittitur within which to withdraw his plea of guilty to the current charges and his admission of the prior convictions charged in the information. If he does not, the court shall resentence him in accordance with the views expressed in this opinion.

Woods (A. M.), P. J., and Hastings, J., concurred.

A petition for a rehearing was denied March 15, 1995, and on March 6, 1995, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied June 1, 1995.

---

[8]In *People* v. *Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040], the Supreme Court held that a failure to object to the omission of a statement of reason for a sentence choice waives or forfeits the issue for purposes of appellate review. There was no objection on the issue before the trial court. The *Scott* rule, however, is prospective only. (*Id.* at p. 358.) We also note that section 667, subdivision (g) prohibits use of prior convictions in plea bargaining. No claim is made that this provision was violated by the sentencing in this case. The trial court did not strike the prior serious felony, but applied it as a basis for sentencing under section 667, subdivision (e)(1).