[No. C018905. Third Dist. July 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS ARDEL HILL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I through IV and VII.

222

**COUNSEL**

Madeline McDowell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Garnand Venturi, Janett Shaw and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—Defendant Thomas Hill challenges his sentence under the new so-called "three strikes" law (Pen. Code, § 667, subds. (b)-(i); Stats. 1994, ch. 12, §§ 1-2). He received his first "strike" in 1991 when he was convicted of robbery (Pen. Code, § 211). In the spring of 1994, he was charged in separate complaints with two new felonies, possession of cocaine (Health & Saf. Code, § 11350, subd. (a)) and petty theft with a prior theft-related conviction (Pen. Code, § 666; all further undesignated statutory references are to the Penal Code). He pled no contest to the charged offenses, admitted his prior conviction under section 667, subdivision (d), and the allegation of a prior prison term under section 667.5, subdivision (b). Defendant was sentenced to 48 months in prison, calculated as double the low term (16 months) for the drug offense plus double one-third the midterm (8 months) on the theft charge. The court imposed one year for the prison term enhancement and then struck it.

On appeal, defendant contends (1) the three strikes law does not apply to him because only felony convictions after March 7, 1994, may be used as "strikes"; (2) the law is unconstitutionally vague; (3) his status as a recidivist was impermissibly used twice to enhance his sentence; (4) the limitation on conduct credit he may receive denies him equal protection; (5) the trial court failed to award him presentence conduct credit; and (6) the subordinate term on his theft charge should not have been doubled.

We rejected the first four of these contentions recently in *People* v. *Sipe* (1995) 36 Cal.App.4th 468 [47 Cal.Rptr.2d 266]. The last two contentions require us to resolve two of the many ambiguities in the three strikes law. We find the language does not permit an interpretation that abolishes presentence custody credit, and the "term" to be doubled includes subordinate terms. We modify the judgment to award defendant additional days credit and otherwise affirm.

## DISCUSSION

### I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . .

### V. *Presentence Conduct Credits*

At sentencing the court awarded defendant 36 days actual custody credit on the drug charge "plus any other applicable credits to which he may

---

*See footnote, *ante*, page 220.

be entitled, which may be none based on the Three Strikes law." Defendant contends the trial court erred in failing to award him presentence conduct credit. The Attorney General contends defendant is not entitled to such credit.

As noted above, subdivision (c)(5) of section 667 limits prison credit; we must now determine whether it eliminates presentence conduct credit. The subdivision provides: "The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison." Article 2.5 of chapter 7 of title 1 of part 3 provides for prison credit on a term of imprisonment. It does not include presentence conduct credit, which is governed by sections 2900.5 and 4019. Defendant contends that since there is no reference to presentence conduct credit in subdivision (c)(5) of section 667, there was no change in existing law and he is entitled to such credit for the period he spent in jail. He is correct.

■ "In construing a statute, our first task is to look to the language of the statute itself. . . . When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. . . ." (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387-388 [20 Cal.Rptr.2d 523, 853 P.2d 978], citations omitted.) **(1b)** The first portion of section 667, subdivision (c)(5) is clear; it limits prison credit to one-fifth of the sentence imposed. This limitation is in keeping with the legislative intent of the three strikes law to provide for longer prison terms for certain recidivist felons. (§ 667, subd. (b).)

Less clear is the second half of the subdivision which provides the credits "shall not accrue until the defendant is physically placed in the state prison." Defendant argues this phrase simply states the existing law that a defendant does not accrue prison credits until he arrives at prison. Credit for the period between sentencing and delivery to prison is calculated under section 2900.5. (§ 2900.5, subd. (e).)

Recognizing the language is inartful, the Attorney General nonetheless contends its meaning is clear: the Legislature intended that a defendant sentenced under the three strikes law shall not receive any conduct credits until he is physically in prison. In other words, he receives no presentence conduct credit. The Attorney General asks us to read the statute to say the total amount of credits are awarded pursuant to article 2.5 and no other conduct credits are available. In support of this interpretation, the Attorney General offers several arguments. First, defendant's reading would result in

an absurd result by encouraging delay so defendants could accrue more credits while in jail. Second, defendant's interpretation renders the accrual language surplusage since article 2.5 credits are not awarded until the defendant is in prison. Third, eliminating presentence conduct credits is consistent with the legislative intent of longer sentences and harsher punishment, as well as consistent with the "tough on crime" philosophy that dominated the 1994 legislative session.[2] Finally, the Attorney General attempts to refute the argument that the denial of presentence conduct credits violates equal protection under *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].[3] The Attorney General contends there is no equal protection violation because all "three strike" felons are treated the same; all are limited to one-fifth credit against their sentences, which must be earned while in prison.

"In the construction of a statute . . . , the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted. . . ." (Code Civ. Proc., § 1858.) ■ "This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used. . . . 'It is elementary that there can be no intent in a statute not expressed in its words; that the intention of the legislature must be determined from the language of the statute.'" (*Seaboard Acceptance Corp.* v. *Shay* (1931) 214 Cal. 361, 365-366 [5 P.2d 882].)

■ The Attorney General asks us to disregard these well-established rules of judicial construction and to rewrite the statute to eliminate presentence conduct credit for "three strike" felons. By its terms, subdivision (c)(5) of section 667 does not address presentence conduct credit. The express legislative intent "to ensure longer prison sentences" (§ 667, subd. (b)), does not require the elimination of presentence conduct credit. The only possible expression of such an intent is the accrual language. Even this language,

---

[2]Defendant also argued below that the prior could not be used to impose the one-year enhancement under section 667.5, subdivision (b). Since the enhancement was stricken, defendant does not challenge this use of the prior conviction on appeal.

[3]As an example of this "get tough on crime" legislative philosophy, the Attorney General cites the enactment of section 2933.1. (Stats. 1994, ch. 713, §§ 1-2, enacted eff. Sept. 21, 1994, as an urgency measure.) This statute, passed just six months after the three strikes law, limits conduct credit for those convicted of violent felonies to 15 percent. The 15 percent limitation applies both to prison worktime credit under section 2933 and presentence conduct credit under section 4019. (§ 2933.1, subds. (a) and (c).) This approach of limiting both pre- and postsentence credit is the most reasonable, since it eliminates any equal protection problem. Section 2933.1 indicates that when the Legislature wanted to restrict presentence conduct credit, it knew how to do so.

however, contains no explicit reference to presentence credit. It can be read to apply only to prison credit.

The accrual language is at best ambiguous as to an intent to eliminate presentence custody credit. The ambiguity in this provision was recognized before the three strikes law was enacted. The Senate Committee on the Judiciary reported on this provision as follows: "It is unclear whether the credits do not begin to be earned until placement in prison or whether the credits become vested when the defendant is placed in custody but may not be credited against the sentence until the defendant is placed in prison." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 971 (1993-1994 Reg. Sess.) as amended Jan. 26, 1994, p. 7.)[4] If the Legislature had intended to change the law and eliminate presentence conduct credit, it had the opportunity to make its intention clear. Its failure to clarify the statute once the ambiguity was pointed out suggests such a change in the law was not intended.

■ "When language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of [language used in] a statute. [Citations.]" (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288]; see also *In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553].) **(1d)** Granting the defendant the benefit of the doubt as to the meaning of the accrual language, we cannot construe it to eliminate presentence conduct credit.

While we agree that capping prison credit while leaving presentence conduct credit untouched has the unfortunate and doubtlessly unintended result of encouraging delay, it is not the function of the courts to judge the wisdom of statutes or the way they are written. (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1099 [282 Cal.Rptr. 841, 811 P.2d 1025]; *Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 805 [268 Cal.Rptr. 753, 789 P.2d 934].) We do not have the power to add to statute what the Legislature left out. (*Wells Fargo Bank* v. *Superior Court, supra,* at p. 1099.)

---

[4]At the time of *People* v. *Sage, supra,* 26 Cal.3d at pages 507-509, only those detained on misdemeanor charges were entitled to presentence conduct credit under section 4019, not those detained on felony charges. The court held denying detainee/felons presentence conduct credit was a denial of equal protection. All of the reasons advanced for denying such credit applied equally to detainee/misdemeanants, who received such credit. Felons who served no presentence time received conduct credit against their full sentence. Only a detainee/felon did not receive conduct credit against his full sentence. Section 4019 was amended to provide presentence conduct credit for those detained on felony charges. (§ 4019, subd. (a)(4); Stats. 1982, ch. 1234, § 7, p. 4553.)

Since section 667, subdivision (c)(5) does not eliminate presentence conduct credit, defendant is entitled to an additional 18 days of credit. (§ 4019; *People* v. *Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707].)

## VI. *Doubling the Subordinate Term*

Section 667, subdivision (e)(1) provides: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

"(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

█ In sentencing defendant, the trial court doubled both the base term for the drug offense and the subordinate term for the theft offense. Defendant contends the court erred; it should have doubled only the base term for the drug offense.

Defendant recognizes a court recently rejected this argument. (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 665-666 [38 Cal.Rptr.2d 776].) He urges that *Martin* was wrongly decided. As we explain, we agree with the conclusion in *Martin* that the subordinate term should be doubled in sentencing under section 667, subdivision (e)(1).

Section 667, subdivision (e)(1) provides that in addition to any other enhancement or punishment provisions, the determinate term shall be calculated by doubling "the term otherwise provided as punishment for the current felony conviction." We must determine what is included in the "term" that is doubled. There is dictum in *People* v. *Martin, supra,* 32 Cal.App.4th at page 666 that states, "[t]he law does not allow doubling an enhancement . . . ." The question is whether the Legislature intended subordinate terms to be doubled.

We construe the statute in the context of the entire statutory scheme. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1009 [239 Cal.Rptr. 656, 741 P.2d 154].) In the area of sentencing, the context includes the Judicial Council rules on sentencing. (See *People* v. *Wright* (1982) 30 Cal.3d 705, 709 [180 Cal.Rptr. 196, 639 P.2d 267].)

Under determinate sentencing, a determinate term is a fixed term, as distinguished from a life sentence. (See Cal. Rules of Court, rule 451(a).) The base term is the determinate term selected from one of three set by

statute or the single term prescribed by law. (Cal. Rules of Court, rule 405(b).) Where there is a conviction for more than one felony, and therefore more than one determinate term, the greatest determinate term is selected as the principal term; any other consecutive term is a subordinate term. (§ 1170.1, subd. (a).) For nonviolent felonies, the subordinate term is one-third the midterm. (*Ibid.*) Since the subordinate term is a fixed term, it is a "determinate term," and should be included in the "determinate term" calculated under section 667, subdivision (e)(1).

Section 667, subdivision (c)(6), requires consecutive sentences if there is a current conviction for more than one felony not committed on the same occasion and not arising from the same set of operative facts. This subdivision indicates the Legislature understood the "current conviction" could encompass more than one felony offense. Thus "the term otherwise provided as punishment for the current felony conviction" is not limited to a single offense, or the principal term. Further, subdivision (c)(6) provides: "[T]he court shall sentence the defendant consecutively on each count pursuant to subdivision (e)." Subdivision (e) provides for doubling, so the determinate term for each count should be doubled.

Defendant argues his subordinate term should not be doubled because section 667, subdivision (e) is an enhancement and as such it should be applied only once to his sentence. As discussed in an unpublished portion of this opinion, we have found section 667, subdivision (e) is not an enhancement.

### VII.   *Judicial Notice**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### Disposition

The judgment is modified to award defendant 18 days of presentence conduct credit; as modified the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections.

Puglia, P. J., and Sims, J., concurred.

A petition for a rehearing was denied August 24, 1995, and the petition of both respondent and appellant for review by the Supreme Court was denied November 16, 1995. Kennard, J., and George, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 220.