[No. F023605. Fifth Dist. Aug. 7, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE MARIA NAVA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II.B and III.

## COUNSEL

Linda Buchser, under appointment by the Court of Appeal, for Defendant Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Thomas H. Beattie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DIBIASO, Acting P. J.**—Defendant Jose Maria Nava appeals from the judgment following his conviction for possession of a weapon in jail and assault with a deadly weapon. (Pen. Code, §§ 4574, subd. (a) & 245, subd. (a)(1).)[1] The jury also found that defendant had been previously convicted of carjacking (§ 215, subd. (a)), with the personal use of a firearm (§ 12022.5). The trial court sentenced defendant to a prison term of eight years, by doubling the upper term of four years for the weapon possession conviction and running concurrently the term for the assault conviction.

On appeal, defendant contends the trial court: (1) erroneously instructed on reasonable doubt, (2) improperly characterized his prior conviction for carjacking as a "strike" under section 1170.12, subdivision (c)(1), a portion of the initiative version of the "Three Strikes" law, and (3) failed to stay imposition of sentence on the assault conviction. We will modify the judgment and affirm it as modified. In the published portion of this opinion, we hold that a felony such as carjacking which was not in existence on June 30, 1993, may nevertheless constitute a qualifying prior violent or serious felony under section 1170.12.

### STATEMENT OF FACTS

On December 8, 1994, defendant was incarcerated at the Tulare County jail in cell 313, tier 1. From the control box at the end of the tier, Deputy Walter Koerber, who was supervising the inmates' release for showers, opened defendant's cell door. Instead of going toward the showers, defendant went to a cell occupied by an inmate named Tell. Then, with a long, rounded, spear-like object, appellant made jabbing motions into Tell's cell.

Deputy Koerber entered the tier, met appellant, who had returned to his own cell, and took the object from him. It was made from rolled newspapers, wrapped with pieces of sheet, and hardened with either wax or toothpaste and water. A sharpened pencil was embedded in it.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

### I. *Reasonable Doubt Instruction**

. . . . . . . . . . . . . . . . . . . . . . . . . .

### II. *Three Strikes*

#### A. *"June 30, 1993"*

The initiative version (Proposition 184) of the Three Strikes law is found in section 1170.12.[2] This statute constituted section 1 of the initiative. In part it describes a "strike" as "any offense defined in subdivision (c) of section 667.5 as a violent felony or any offense defined in subdivision (c) of section 1192.7 as a serious felony in this state." (§ 1170.12, subd. (b)(1).) Section 2 of the initiative (section 2), which is not a part of section 1170.12, provided that "[a]ll references to existing statutes are to statutes as they existed on June 30, 1993."[3] (Ballot Pamp., text of Prop. 184 as presented to voters, Gen. Elec. (Nov. 8, 1994) p. 65.)

On June 30, 1993, both section 667.5, subdivision (c), and section 1192.7, subdivision (c), included a number of specific offenses, such as murder and attempted murder, in their respective listings of violent and serious felonies. Each statute also included several species of generic criminal conduct, such as *any felony* in which the defendant personally used a firearm. (§§ 667.5, subd. (c)(8) & 1192.7, subd. (c)(8); see *People* v. *Jackson* (1985) 37 Cal.3d 826, 832 [210 Cal.Rptr. 623, 694 P.2d 736].)[4]

---

*See footnote, *ante*, page 1732.

[2]The People have asked this court to take judicial notice of that portion of the 1994 ballot pamphlet which addressed Proposition 184. We deferred the issue pending consideration of the merits of this appeal. We now grant the People's motion pursuant to Evidence Code sections 452 and 459.

[3]Neither the parties, existing case law, nor the ballot pamphlet offers an explanation as to why the initiative drafters chose the June 30, 1993, date.

[4]On June 30, 1993, section 667.5, subdivision (c), defined a "violent felony" as any of the following:

"(1) Murder or voluntary manslaughter.

"(2) Mayhem.

"(3) Rape as defined in subdivision (2) of Section 261.

"(4) Sodomy by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

"(5) Oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

"(6) Lewd acts on a child under the age of 14 years as defined in Section 288.

"(7) Any felony punishable by death or imprisonment in the state prison for life.

"(8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 or

Carjacking first became a felony offense on October 1, 1993, when the Legislature enacted section 215. (Stats. 1993, ch. 611, § 6.) At the same

12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5 or 12022.55.

"(9) Any robbery perpetrated in an inhabited dwelling house, vessel, as defined in Section 21 of the Harbors and Navigation Code, which is inhabited and designed for habitation, inhabited trailer coach, as defined in the Vehicle Code, or in the inhabited portion of any other building, wherein it is charged and proved that the defendant personally used a deadly or dangerous weapon, as provided in subdivision (b) of Section 12022, in the commission of that robbery.

"(10) Arson, in violation of subdivision (a) of Section 451.

"(11) The offense defined in subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

"(12) Attempted murder.

"(13) A violation of Section 12308.

"(14) Kidnapping, in violation of subdivision (b) of Section 207.

"(15) Continuous sexual abuse of a child, in violation of Section 288.5.

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person." (§ 667.5, subd. (c).)

On June 30, 1993, section 1192.7, subdivision (c), defined a "serious felony" as any of the following:

"(1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code; (25) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person; (26) grand theft involving a firearm;

time, the Legislature added "carjacking" by name to the list of violent felonies in section 665, subdivision (c), and to the list of serious felonies in section 1192.7. (Stats. 1993, ch. 611, §§ 11 & 18.5.) Because carjacking did not exist as a distinct crime on June 30, 1993, it was not on that date identified by name in either section 667.5, subdivision (c), or section 1192.7, subdivision (c).

Defendant contends the trial court erred when it deemed his 1994 carjacking conviction to be a "strike" for sentencing purposes. He reads section 2 of the initiative as effectively defining qualifying violent or serious priors as only those felonies which existed as specific "named" crimes on June 30, 1993, and were then enumerated in section 667.5, subdivision (c), or section 1192.7, subdivision (c).

When construing a statute or an initiative measure, we are obliged to give effect to every phrase and paragraph of the law, leaving no part useless or deprived of meaning. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *People* v. *Jackson, supra,* 37 Cal.3d 826, 832.) By the same token, however, we are not free to read into the law a stricture which does not exist. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1].)

We do not find any support for defendant's position in section 2 of the initiative. Section 2, when applied to section 1170.12, subdivision (b)(1), does not limit qualifying priors to only those "named" felonies in existence on June 30, 1993, and expressly listed in either section 667.5, subdivision (c), or section 1192.7, subdivision (c). Rather, with respect to the definition of a qualifying prior conviction, section 2 simply adverts to the statutory lists of violent and serious felonies in effect on June 30, 1993. (See *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1310, fn. 6 [44 Cal.Rptr.2d 144] [commenting on section 667, subdivision (h), a provision of the legislative version of the Three Strikes law comparable to section 2 of Proposition 184].) Thus, whether a defendant has suffered a "strike" is to be determined by referring to the June 30, 1993, texts of section 667.5, subdivision (c), and section 1192.7, subdivision (c), and applying them as of the date the defendant is sentenced under section 1170.12. To adopt defendant's view of section 2 would emasculate the references to "any felony" in the two definitional statutes by effectively amending them to read, for example, ". . . any felony [*which existed as a named crime on June 30, 1993*] in which the defendant personally uses a firearm . . . ." Such a construction finds

(27) any attempt to commit a crime listed in this subdivision other than an assault." (§ 1192.7, subd. (c).)

no justification in the actual language of either the initiative or sections 667.5, subdivision (c), and 1192.7, subdivision (c).

Defendant's contention also ignores the intent of the voters in passing Proposition 184. While we need not inquire into the electorate's intent when, as in this instance, the language of an initiative measure is clear and unambiguous (*Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735), it is worth noting that the voters sought to deter recidivism or, in the vernacular of the ballot pamphlet, to keep "career criminals . . . behind bars." (Ballot Pamp., Prop. 184 as presented to voters, Gen. Elec. (Nov. 8, 1994) p. 36.) There is nothing in the ballot argument favoring Proposition 184 to suggest the voters wished to target only those serious or violent felonies which were on the books as "named" crimes on June 30, 1993, and thereby disqualify conduct which, although made criminal after the June 30, 1993, date, is nevertheless a felony when committed and is described by the language of one or more of the catchall provisions found in the June 30, 1993, versions of section 667.5, subdivision (c), or section 1192.7, subdivision (c). To the contrary, the ballot pamphlet supports the conclusion that section 2 authorizes a sentencing court to apply the initiative version of the Three Strikes law when the defendant has been previously convicted of a felony which the Legislature established after June 30, 1993, if the offense comes within one of the general provisions in the two lists of qualifying priors.

Applying our holding to the present case, we find the trial court did not err in sentencing defendant under the provisions of section 1170.12. Defendant's 1994 conviction for carjacking was a felony (§ 215). In addition, the prosecutor in the trial court introduced evidence, in the form of the 1994 abstract of judgment, which demonstrated that defendant was expressly found to have personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)). The carjacking conviction was therefore both a "violent felony" and a "serious felony" within the June 30, 1993, version of section 667.5, subdivision (c)(8), and of section 1192.7, subdivision (c)(8), respectively.

B. *"Determination Clause"**

. . . . . . . . . . . . . . . . . . . . . . . . . .

III. *Section 654**

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1732.

## DISPOSITION

The judgment is modified to provide that the term imposed for count 2 is stayed pending the finality of the judgment and defendant's service of the term imposed for count 1, when such stay shall become permanent. As so modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and provide it to the appropriate authorities.

Vartabedian, J., and Harris, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 26, 1996.