*874
 
 Opinion
 

 NOTT, J.
 

 William Mark O’Roark appealed from the judgment entered following a jury trial that resulted in his conviction of three counts of second degree robbery (Pen. Code, § 211) with findings that he used a firearm in the commission of each robbery (Pen. Code, § 12022.5, subd. (a)). The jury also found that he had three prior serious or violent felony convictions within the meaning of Penal Code section 667, subdivisions (b) through (i) (the legislative version of the three strikes law),
 
 [1]
 
 that he had three prior serious felony convictions within the meaning of Penal Code section 667, subdivision (a), and that he served three prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). The jury’s findings that appellant had three prior felony convictions under the three strikes law and that he had three prior serious felony convictions within the meaning of Penal Code section 667, subdivision (a), involved the same prior felony convictions. Appellant was initially sentenced to a determinate term of 19 years followed by a term of 25 years to life. The following day, the trial court vacated that sentence on the grounds it did not comply with the three strikes law, and the court sentenced appellant to a determinate term of 27 years, consisting of three 4-year use enhancements and three 5-year prior serious felony conviction enhancements, followed by three consecutive terms of 25 years to life. The court stayed the prior prison term enhancements.
 

 On May 15, 1996, we affirmed the judgment. The Supreme Court granted review and transferred the matter to this court with directions to reconsider the cause in light of
 
 People
 
 v.
 
 Superior Court
 
 (Romero) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].
 

 Facts
 

 On September 12, 1994, appellant placed a paper bag on a conveyor belt at a Ralph’s supermarket in Castaic, pulled the handle of a gun out of the bag, and robbed a cashier of the money and food stamps that were in a cash register. On September 15, 1994, appellant placed candy and a paper bag on a conveyor belt at a Ralph’s supermarket in Los Angeles, pulled the handle of a gun out of the bag, and again robbed a cashier of the money in a cash register. He then told the cashier not to say anything for the next 15 minutes “or else.”
 

 
 *875
 
 On the night of September 17, 1994, appellant placed candy, a magazine, and a paper bag on a conveyor belt of another Ralph’s supermarket in Los Angeles. After a cashier rang up the amounts for the candy and magazine, appellant showed the cashier a gun in the bag and demanded the money in the cash register. Because she was nervous, the cashier had difficulty opening the cash register. Appellant repeatedly said in essence: “[C]ome on, hurry up, this is real, bitch.” The cashier eventually opened the cash register and gave appellant the money that was in the register. Appellant ordered her not to say anything or move for five minutes. She immediately notified the manager. When appellant was arrested later that night, police found an unloaded gun in a brown paper bag in the car in which appellant had fled from the third Ralph’s supermarket.
 

 Contentions
 

 Appellant contends that, because one of his prior serious felony convictions occurred before the effective date of Penal Code section 1192.7 and another of his prior serious felony convictions was for a crime not listed as a serious felony in Penal Code section 1192.7, subdivision (c), when that conviction occurred, the trial court erred in sentencing him under Penal Code section 667, subdivision (e)(2)(A). In the published portion of this opinion, we reject this contention.
 

 Appellant further contends (1) that the trial court erred in concluding it had no discretion to vacate a finding of a qualifying prior felony conviction under the three strikes law on its own motion; (2) that if any clause in the three strikes law precludes the trial court from exercising discretion to vacate a finding of a qualifying prior felony conviction, that clause violates the doctrine of separation of powers; (3) that the trial court erred in concluding it was required to sentence appellant to three consecutive terms of 25 years to life; (4) that use of the same prior felony convictions to calculate the minimum term of the indeterminate sentence for each current felony conviction and to impose the prior serious felony conviction enhancements constituted an improper dual use and violated Penal Code section 654; (5) that the three strikes law is unconstitutionally vague on its face and as applied to appellant; (6) that the three strikes law was not a valid urgency measure; and (7) that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the federal Constitution and cmel or unusual punishment in violation of the California Constitution.
 

 In the portion of the opinion that is not certified for publication, we reject the contentions that the trial court erred in concluding that under the three strikes law it was required to sentence appellant to three consecutive terms
 
 *876
 
 of 25 years to life, that use of the same prior felony convictions to calculate the minimum term of the indeterminate sentence for each current felony conviction and to impose prior serious felony conviction enhancements constituted an improper dual use and violated Penal Code section 654, that the three strikes law is unconstitutionally vague on its face and as applied to appellant, and that the three strikes law is not a valid urgency measure, and we conclude that the matter must be remanded to enable the trial court to exercise its discretion whether to vacate one or more of the qualifying prior felony conviction findings under the three strikes law on its own motion in the furtherance of justice.
 

 Discussion
 

 1.
 
 Qualifying Status of 1978 and 1987 Convictions
 

 The jury found that appellant suffered the following three prior felony convictions, which were alleged as qualifying prior felony convictions under the three strikes law: a November 8, 1978, conviction for robbery; an October 26, 1983, conviction for robbery with use of a firearm; and a March 9, 1987, conviction for bank robbery.
 

 Penal Code section 667, subdivision (d), provides in pertinent part: “Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as: [¶] (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed
 
 unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.
 
 None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive: [¶] (A) The suspension of imposition of judgment or sentence. [¶] (B) The stay of execution of sentence. [¶] (C) The commitment to the State Department of Health Services as a mentally disordered sex offender following a conviction of a felony. [¶] (D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison. . . .” (Italics added.)
 

 Penal Code section 667, subdivision (h), provides: “All references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993.” On that date, Penal Code section 1192.7, subdivision (c)(19), provided that “robbery or bank robbery” was a serious felony.
 
 *877
 
 Although Penal Code section 1192.7 was amended in 1993, those amendments did not affect subdivision (c)(19) of that section.
 
 [2]
 

 Penal Code section 1192.7 was added by the passage of the initiative measure Proposition 8 in the June 8, 1982, Primary Election. Appellant contends that his 1978 robbery conviction does not qualify as a strike because it was sustained before the effective date of Penal Code section 1192.7. He also contends that his 1987 bank robbery conviction does not qualify as a strike because bank robbery was not added to the list of serious felonies in Penal Code section 1192.7, subdivision (c), until 1988. (Stats. 1988, ch. 432, § 2, p. 1815.) In support of these contentions, appellant relies on our statement in
 
 People
 
 v.
 
 Green
 
 (1995) 36 Cal.App.4th 280 [42 Cal.Rptr.2d 249] that “[w]e . . . interpret the phrase in [Penal Code] section 667, subdivision (d)(1) that ‘[t]he determination [as to whether a prior offense qualifies as a “strike”] . . . shall be made upon the date of that conviction’ to mean that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under [Penal Code] section 1192.7, subdivision (c) or [Penal Code] section 667.5, subdivision (c).”
 
 (Id.
 
 at p. 283.) Appellant misreads our holding.
 

 In
 
 People
 
 v.
 
 Green, supra,
 
 36 Cal.App.4th at pages 282-283, we held that a prior serious or violent felony conviction that occurred before the effective date of the three strikes law may qualify as a strike. We observed that to interpret Penal Code section 667, subdivision (d)(1) as precluding prior offenses that occurred before the effective date of the three strikes law from qualifying as strikes would “lead to an irrational result and frustrate the intent of the Legislature to initiate an immediate plan of severe punishment for repeat offenders.”
 
 (People
 
 v.
 
 Green, supra,
 
 36 Cal.App.4th at p. 283.)
 
 *878
 
 Because the prior burglary conviction in that case occurred in 1987, after the effective date of Penal Code section 1192.7, we were not presented with and did not decide the issue of whether a prior serious felony conviction sustained before the effective date of Penal Code section 1192.7 could constitute a strike under the three strikes law.
 

 In
 
 Gonzales
 
 v.
 
 Superior Court
 
 (1995) 37 Cal.App.4th 1302, 1306-1311 [44 Cal.Rptr.2d 144], the Court of Appeal in the Fifth Appellate District held that prior serious felony convictions sustained before the effective date of Penal Code section 1192.7 may qualify as strikes. The court stated: “The Three Strikes law . . . applies to felony convictions which were neither ‘serious’ nor ‘violent’ felonies at the time of conviction, but which ... fit the definition of a ‘serious felony’ or ‘violent felony’ on the relevant date [June 30, 1993].”
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1311, fn. omitted.)
 
 [3]
 
 The court explained that Penal Code section 667, subdivision (d)(1), does not require a contemporaneous characterization of a conviction as a serious or violent felony conviction.
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1308.) Subdivision (d)(1) ensures that, unless at the initial sentencing the court determined that the crime was a misdemeanor, postconviction events will not transform a felony into a misdemeanor.
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1308; accord,
 
 People
 
 v.
 
 Sipe
 
 (1995) 36 Cal.App.4th 468, 478 [42 Cal.Rptr.2d 266];
 
 People
 
 v.
 
 Anderson
 
 (1995) 35 Cal.App.4th 587, 600-601 [41 Cal.Rptr.2d 474].) Division Four of this court followed
 
 Gonzales
 
 in
 
 People
 
 v.
 
 Butler
 
 (1996) 43 Cal.App.4th 1224, 1246-1247 [51 Cal.Rptr.2d 150], and, in
 
 People
 
 v.
 
 Nava
 
 (1996) 47 Cal.App.4th 1732, 1737-1738 [55 Cal.Rptr.2d 543], the Court of Appeal in the Fifth Appellate District applied the reasoning of
 
 Gonzales
 
 in construing section 2 of Proposition 184.
 

 In
 
 People
 
 v.
 
 Moenius
 
 (1998) 60 Cal.App.4th 820, 826-827 [70 Cal.Rptr.2d 579], based on the reasoning of
 
 Gonzales,
 
 we held that a prior serious felony conviction sustained before the effective date of Penal Code section 1192.7 may qualify as a strike if the felony resulting in that prior conviction was in the list of serious felonies in Penal Code section 1192.7, subdivision (c), on June 30, 1993. Based on that same reasoning, we hold that a prior serious felony conviction sustained before the offense resulting in that prior conviction was added to the list of serious felonies in Penal Code section 1192.7, subdivision (c), may qualify as a strike if that felony was in the list of
 
 *879
 
 serious felonies in Penal Code section 1192.7, subdivision (c), on June 30, 1993. Because robbery and bank robbery were serious felonies on June 30, 1993, the trial court properly determined that appellant’s 1978 robbery conviction and 1987 bank robbery conviction could be used as strikes under the three strikes law.
 

 2.-7.
 
 *
 

 Disposition
 

 The judgment of conviction is affirmed. The judgment sentencing appellant to a determinate prison term of 27 years followed by three consecutive terms of 25 years to life is reversed, and the matter is remanded for resentencing to enable the trial court to exercise its discretion whether to vacate one or more of the qualifying prior felony conviction findings under the three strikes law on its own motion in the furtherance of justice.
 

 Boren, P. J., and Zebrowski, J., concurred.
 

 [1]
 

 Subdivisions (b) through (i) of Penal Code section 667 were enacted as urgency legislation, effective March 7, 1994. In the November 8, 1994, General Election, Proposition 184, the three strikes initiative, was approved by the voters. The three strikes initiative is codified as Penal Code section 1170.12, which contains provisions that are virtually identical to provisions of Penal Code section 667, subdivisions (b) through (i). The present offenses occurred after the effective date of the legislative version of the three strikes law but before passage of Proposition 184.
 

 [2]
 

 Penal Code section 1192.7, subdivision (d), defines bank robbery as that term is used in Penal Code section 1192.7, subdivision (c)(19). Penal Code section 1192.7, subdivision (d), currently defines bank robbery in the same manner as it did on June 30, 1993, and provides: “As used in this section, ‘bank robbery’ means to take or attempt to take, by force or violence, or by intimidation from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association, [¶] As used in this subdivision, the following terms have the following meanings: [¶] (1) ‘Bank’ means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation. [¶] (2) ‘Savings and loan association’ means any federal savings and loan association and any ‘insured institution’ as defined in Section 401 of the National Housing Act, as amended, and any federal credit union as defined in Section 2 of the Federal Credit Union Act. [¶] (3) ‘Credit union’ means any federal credit union and any state-chartered credit union the accounts of which are insured by the Administrator of the National Credit Union Administration.”
 

 [3]
 

 The court noted that subdivision (h) of the legislative version of the three strikes law (Pen. Code, § 667, subd. (h)) “freezes the list of qualifying felonies as of June 30,1993. [Citation.]”
 
 (Gonzales
 
 v.
 
 Superior Court, supra,
 
 37 Cal.App.4th at p. 1311, fn. 7.) The initiative version of the three strikes law also provides; “All references to existing statutes are to statutes as they existed-on June 30, 1993.” (Ballot Pamp., Gen. Elec. (Nov. 8, 1994), text of Prop. 184, § 2, p. 65.)
 

 *
 

 See footnote,
 
 ante,
 
 page 872.