Filed 12/18/13  P. v. Simon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL CHARLES SIMON,<br><br>    Defendant and Appellant. | 2d Crim. No. B246350<br>(Super. Ct. No. 2010045768)<br>(Ventura County) |

Michael Charles Simon appeals his conviction, by guilty plea, of petty theft with three or more priors.  (Pen. Code, § 666, subd. (a).)[1]  In connection with his guilty plea, appellant admitted that he had been convicted of burglary in five separate cases, two of which involved multiple counts.  Consistent with an indicated sentence it had earlier provided, the trial court sentenced appellant to eight years in state prison.  After obtaining a certificate of probable cause, appellant contends on appeal that he was induced to plead guilty by improper judicial plea bargaining and the representation that he could appeal the validity of his strike priors.  Appellant contends the trial court should have resolved the question of whether his prior convictions were valid "strikes" before accepting his guilty plea.  Appellant further contends he should have been permitted to withdraw his plea when the trial court refused to rule on his *Romero* motion.  Finally, appellant

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

contends there is no substantial evidence he has the ability to pay the probation investigation fee of $1675 ordered by the trial court. We affirm.

*Facts and Procedural History*

The facts of appellant's underlying offense are not relevant to the issues raised on appeal. Briefly, a witness identified appellant as the person who stole a bicycle. He was arrested while riding the same bicycle.

On the day appellant's trial was scheduled to begin, the trial court judge informed appellant: "I want to talk about one thing with you now before we make a decision about when we should bring up a jury on this matter. That is a three-strike case, you know, so I can't make any guarantees to you about sentencing or anything like that. That's stopped by the law. I can't do it, but I have had a chance to speak with your lawyer and the district attorney, and what I can do on the record is I can give you what we call an indicated sentence which means I can let you know what I think about the case and almost certainly what would happen if we were in a sentencing posture." The trial court stated this was a third strike case with a maximum possible sentence of 29 years to life. Based on the information then available to the trial court judge about appellant's conduct and his history, however, the judge had concluded, "if the case were to resolve now, I would almost certainly strike two of your three strikes . . . and that means you would face a sentence at that point of between six and ten years instead of 29 to life, and I'm thinking the appropriate sentence is about eight years . . . . [¶] Again, I can't make any contract with you or reach any bargain or anything like that, but I can tell you what I think this is worth at this point."

After the lunch recess, the case resumed in front of a different trial court judge. The parties discussed pretrial evidentiary issues and appellant made a *Marsden* motion. After an in camera hearing, the trial court denied the motion and recessed until the following Monday for trial.

Appellant pled guilty on the next court day. In connection with taking his plea, the prosecutor informed appellant that he would be assessed "fines and fees," and that restitution might also be awarded. Appellant said he understood and was "willing

2

and able to pay restitution."  Appellant admitted that he had suffered "at least five separate theft-related priors as outlined in the Information . . . ."  His plea agreement specified that he was not "waiving his right to appeal and challenge the constitutionality of all prior convictions . . . ."  After accepting appellant's guilty plea, the trial court referred the matter to the probation department for preparation of a presentence report.

At the next hearing, appellant expressed a desire to withdraw his guilty plea and his appointed counsel asked to be relieved.  The trial court relieved counsel and appointed another attorney in his place.  The matter was continued several times and yet another attorney was appointed to represent appellant.

At a hearing on December 19, 2012, appellant made a motion to withdraw his plea.  He asserted that he had received ineffective assistance of counsel and had misunderstood that the "indicated sentence" of eight years was the sentence he would receive.  Appellant claimed to have understood the eight years to be a "lid," and that he had preserved his right to make a *Romero* motion to strike all of his prior "strikes."  The trial court denied the motion to withdraw the plea and continued the matter for sentencing.

By the time of the sentencing hearing in January 2013, amendments to the Three Strikes Law, enacted when the voters approved Proposition 36 at the November 6, 2012 election, had taken effect.  Pursuant to these amendments, appellant was no longer eligible for a "third strike" sentence of 25 years to life.  (§ 667, subd. (e)(2)(C).)  He again moved to withdraw his plea on the ground that he no longer received any benefit from it because he was no longer facing a life sentence.  The trial court denied the motion and sentenced appellant to eight years.  To arrive at that sentence, the trial court chose the upper term of three years for appellant's current offense, doubled it pursuant to section 667, subdivision (e)(2)(C) and added two one-year enhancements for appellant's prior prison terms.  (§ 667.5, subd. (b).)

*Discussion*

*Judicial Plea Bargaining*

Appellant is convinced that at least one of his prior burglary convictions may not be considered a strike because he pled guilty to that offense before the Three Strikes Law was enacted.[2]  He made the trial court abundantly aware of that belief and of his desire to have the question decided before he entered his guilty plea.  Appellant also communicated his desire to make a motion under section 1385 to strike his prior convictions in the interests of justice.  The trial court declined to decide either question until after appellant decided whether to plead guilty.  Appellant contends this was error and constituted improper judicial plea bargaining.  We are not persuaded.

"Ordinarily, we review a claim that a trial court entered into an improper plea bargain for abuse of discretion. . . . In examining whether the trial court improperly induced a defendant's plea to what would otherwise be a lawful sentence, the key factual inquiries are whether the indicated sentence was more lenient than the sentence the court would have imposed following a trial and whether the court induced the defendant's plea by bargaining over the punishment to be imposed."  (*People v. Clancey* (2013) 56 Cal.4th 562, 578.)

Appellant fails to establish an abuse of discretion.  The trial court judges involved in this matter did not bargain with appellant over the length of the indicated sentence and neither judge said the sentence would be different if appellant went to trial instead of pleading guilty.  Instead, both judges emphasized that the indicated sentence might change if the presentence investigation uncovered new information about him.  After appellant had signed the plea agreement and his guilty plea had been accepted, the second trial court judge also commented, "And, [appellant], you were on the cusp of bordering yourself into a terrible problem.  Had you proceeded to trial, had the jury found

---

[2] Without deciding any issue related specifically to appellant, we note that similar contentions have been rejected.  (*People v. Reed* (1995) 33 Cal.App.4th 1608, 1610; *People v. Nava* (1996) 47 Cal.App.4th 1732, 1735; *People v. O'Roark* (1998) 63 Cal.App.4th 872, 876.)

4

you guilty, the number of alternatives which remain open to and available to me were darn limited." These comments were extraneous and did not change the indicated sentence. Because they occurred after appellant had completed his guilty plea, they also could have had no impact on his decision to enter that plea. We understand the trial court to have been reassuring appellant that he made a wise decision. While this may have been ill-advised, it is not evidence of judicial plea bargaining.

Similarly, we acknowledge the trial court had discretion to decide appellant's section 1385 motion before accepting his guilty plea. (*People v. Uribe* (2011) 199 Cal.App.4th 836, 882.) It also, however, had discretion to defer making a decision about whether to strike the prior convictions until after it had received the pre-sentence report. That decision was not an abuse of discretion. The trial court was entitled to confirm its understanding of appellant's criminal history and personal characteristics before deciding whether to strike any of his prior convictions. In the end, of course, the trial court struck two of the three prior strike convictions alleged against appellant, enabling it to imposed the eight year sentence as it had originally indicated it would. In effect, then, the trial court granted appellant's section 1385 motion.

*Motion to Withdraw Guilty Plea*

Appellant contends the trial court abused its discretion when it denied his motion to withdraw his guilty plea. First, appellant moved to withdraw the guilty plea because he claimed to have been confused about the eight-year indicated sentence. He told the trial court, "My understanding was the eight years would be what you guys call the lid, I guess. I didn't understand that. And I asked the court about the motion to strike, that I would be postponing my case for two years in order to do that. And you told me that I'm putting the horse before the carriage. I think that's what you said, because the issue of striking the strike would have to come later, after we resolve the issue of guilty or not guilty." Second, appellant contends he should have been permitted to withdraw his plea because, after the voters approved Proposition 36, he was no longer facing a maximums sentence of 29 years to life. Neither constitutes good cause to withdraw the guilty plea.

5

A guilty plea may be withdrawn before judgment for good cause demonstrated by clear and convincing evidence. (§ 1018; *People v. Cruz* (1974) 12 Cal.3d 562, 566.) To establish good cause, the moving defendant must show "that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress. [Citations.] However, '[a] plea may not be withdrawn simply because the defendant has changed his [or her] mind.' " (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) Buyer's remorse is not a sufficient ground to withdraw a guilty plea. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

There was no clear and convincing evidence that appellant pleaded guilty due to mistake, ignorance or some other factor that overcame the exercise of his free judgment. He signed a plea agreement that stated his maximum possible sentence was 29 years to life and he orally confirmed his understanding of that fact. He also heard both trial court judges explain to him that they believed the sentence indicated in his case was eight years. Moreover, appellant clearly got the benefit of his bargain: the trial court arrived at the eight year sentence by striking all but one of his "strike" priors and dismissing two of his prison priors. Finally, the passage of Proposition 36 does not provide grounds to withdraw the plea because here the sentence imposed is consistent with the new law. Appellant was sentenced as a second strike offense, which is the same sentence he would face under the new law. (§§ 667, subd. (e)(2)(C); 1170.12, subd. (c)(2)(C).) There is no reasonable probability appellant would have received a more lenient sentence had a motion under section 1385 been decided before he pled guilty.

*Probation Investigation Fee*

The trial court ordered appellant to pay a fee of $1675 to the probation department for the cost of investigating and preparing the presentence report. He contends the fee should be reversed because there is no substantial evidence he has the ability to pay the fee. Appellant forfeited appellate review of this issue because he did not object to the imposition of the fee in the trial court. (*People v. McCullough* (2013) 56 Cal.4th 589, 597; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072.)

6

Had the contention not been forfeited, we would reject it. Section 1203.1b requires the trial court to assess a fee for the investigation and preparation of the presentence report "if it determines that the defendant has the ability to pay those . . . ." (§ 1203.1b.) In this context, the term "ability to pay" means "the overall capability of the defendant to reimburse the costs, or a portion of the costs" of investigating and preparing the presentence report. (*Id*.) "Ability to pay does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.)

Here, appellant told the probation office that he was unemployed and had no income or assets. During his plea hearing, however, appellant was asked by the prosecutor whether he understood that he could be required to pay fines and fees as part of his sentence. Appellant answered, "Yes. I'm willing and able to pay restitution." The trial court was entitled to rely on that representation in assessing the probation investigation fee.

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


7

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Suzan E. Hier, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R, Johnsen, Supervising Deputy Attorney General, Toni R. Johns Estaville, Deputy Attorney General, for Plaintiff and Respondent.