Filed 11/20/14  P. v. Washington CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PERRY CALVIN WASHINGTON,<br><br>    Defendant and Appellant. | B255883<br><br>(Los Angeles County<br>Super. Ct. No. KA103801) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

James C. Huber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Perry Calvin Washington pled no contest to one count of petty theft with a prior theft-related conviction in violation of Penal Code section 666 and admitted that he had suffered one prior strike conviction. The trial court sentenced appellant to the low term of 16 months, doubled to 32 months pursuant to section 1170.12, subdivision (b) (the "three strikes" law).

Appellant appeals from the judgment. Finding no error, we affirm.

Facts

According to the complaint in this matter, appellant was alleged to have stolen property from a Home Depot store on November 16, 2013. Because appellant pled no contest in this matter, no further facts are found in the record on appeal.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On August 8, 2014, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. On August 25, 2014, we received a supplemental brief from appellant.

In his brief, appellant questions whether a 30-year-old conviction can be used to double his sentence under the three strikes law and contends the age of his prior conviction should preclude the limitation on post-sentence conduct credits found in the three strikes law.

We have examined the entire record and are satisfied appellant's attorney has fully complied with his responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.) Specifically, a 30-year-old robbery conviction may be used to sentence a defendant under the three strikes law. (See *People v. O'Roark* (1998) 63 Cal.App.4th 872 [robbery convictions from 1978 and 1984 qualified as strikes for

2

purposes of the three strikes law].)  The limitation on post-sentence credit in the three strikes law is mandatory, and courts do not have the authority to change that limitation based on the particulars of a defendant's circumstances.  (Pen. Code, § 1170.12, subd. (a)(5).)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P.J.

MOSK, J.

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.