Filed 12/30/24  P. v. Duncan CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B335421 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA026890) |
| v. | |
| CHESTER ALAN DUNCAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Smerling, Judge.  Dismissed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**MEMORANDUM OPINION[1]**

On July 2, 1997, a jury convicted appellant Chester Alan Duncan of arson (Pen. Code,[2] § 451, subd. (b)).  The trial court thereafter found true special allegations that Duncan had suffered two prior serious felony convictions.  On July 30, 1997, the trial court sentenced Duncan to 25 years to life pursuant to the Three Strikes law on the arson conviction, plus 10 years (five years each) for the two prior serious felony enhancements pursuant to section 667, subdivision (a)(1).  The court struck enhancement allegations pursuant to section 667.5, subdivision (b) (section 667.5(b)) based on Duncan having previously served two prior prison terms, finding that it was in the interest of justice to do so.

More than two decades after Duncan's sentencing, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5(b) to limit one-year prison prior enhancements to prison terms served for convictions of sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1.)  In 2021, the Legislature passed Senate Bill No. 483 (2021-2022 Reg. Sess.) to apply Senate Bill No. 136 retroactively.  (Stats. 2021, ch. 728, § 1.)  To achieve this goal, the Legislature enacted section 1172.75 (formerly § 1171.1).  (Stats. 2022, ch. 58, § 12; Stats. 2021, ch. 728, § 3.)

Section 1172.75, subdivision (a) declares any sentence enhancement "imposed prior to January 1, 2020" pursuant to section 667.5(b), except for sexually violent offenses, to be "legally

---

[1] See California Standards of Judicial Administration section 8.1(1).

[2] Unspecified statutory references are to the Penal Code.

invalid." Subdivision (b) of section 1172.75 directs that the Department of Corrections and Rehabilitation (CDCR) "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with [other information] to the sentencing court that imposed the enhancement." (*Ibid*.) After such notification, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id*., subd. (c).)

The record does not show CDCR identified Duncan as currently serving an imprisonment term that included a section 667.5(b) enhancement. Duncan instead independently filed a petition for recall and resentencing pursuant to section 1172.75. The trial court denied the petition, finding Duncan did not fall within section 1172.75 because he was not currently serving a prison term that included a section 667.5(b) enhancement as the court had stricken that enhancement when sentencing Duncan. Duncan now appeals.

Given section 1172.75's express requirement that CDCR initiate the contemplated recall and resentencing process set forth by the statute (*id*., subd. (b)), "section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384; see also *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) We accordingly lack jurisdiction to address Duncan's appeal from a petition he filed without

involvement by CDCR. (*People v. Newell*, at p. 266; *People v. Burgess*, at p. 382.)

We note, as the *Newell* court did before dismissing the defendant's appeal in that case, that Duncan "has not shown that [CDCR] did not comply with its statutory duty." (*People v. Newell, supra*, 93 Cal.App.5th at p. 268.) Former section 1170.1, subdivision (d) provided at the time of Duncan's sentencing that "[w]hen the court imposes a prison sentence for a felony . . . the court shall also impose the additional terms provided in . . . [s]ection[] . . . 667.5, . . . unless the additional punishment therefor is stricken pursuant to subdivision (h)." Former subdivision (h) provided that "[n]otwithstanding any other law, the court may strike the additional punishment for the enhancements provided in . . . [s]ection[] . . . 667.5 . . . if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."[3]

The reporter's transcript from Duncan's sentencing hearing shows that the court decided to "strike the one year prior" alleged under section 667.5(b) when sentencing him and sufficiently stated its reasons for doing so under then-section 1170.1, subdivision (h). (E.g., *People v. Martin* (1995) 32 Cal.App.4th 656, 669, disapproved on another ground in *People v. Deloza* (1998) 18 Cal.4th 585, 600, fn. 10.) The abstract of judgment lists the section 667.5(b) enhancement with an "S" next to it. The abstract of judgment form required the court to "[l]ist all enhancements based on . . . prior prison terms charged and found

_____

[3] Former section 1170.1, subdivision (h) was repealed effective January 1, 1998, after Duncan was sentenced. (See *People v. Bradley* (1998) 64 Cal.App.4th 386, 390-391.)

true," and if the enhancement was stayed or stricken to identify that with an "S." However, the court is not to list enhancements "stricken under [section] 1385." Although the court's order was silent regarding the statutory basis for striking the section 667.5(b) enhancement, we presume it did so pursuant to then-section 1170.1, subdivision (h)'s specific grant of discretion to strike section 667.5(b) enhancements. Thus, the abstract of judgment listing the section 667.5(b) enhancement with an "S" correctly reflects the sentence as orally imposed because the court struck the section 667.5(b) enhancement pursuant to a statute other than section 1385.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.          KLATCHKO, J.*

---

\* Judge of the Riverside County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5